IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    v.                                                   Case No.:    1:24-cr-00096-JMC

LONDON TEETER.

## **MOTION FOR BOND REVIEW**

Comes now, the defendant LONDON TEETER, by and through counsel and files this motion for this Honorable Court to review her bond status and set conditions of release. In support of which, counsel states the following:

**I. Relevant Procedural History**

Ms. Teeter was arrested, without incident, on February 12, 2024. She appeared for her initial appearance on February 13, 2024. At that time the court ordered Ms. Teeter held and set a detention hearing for February 28, 2024.

On February 28, 2024, the government filed a memorandum in support of detention. On that same day the Court held a detention hearing. At the detention hearing the court considered a proffer by the government, the government's detention memorandum, a report from the pretrial services agency, and arguments of counsel. During the hearing, Ms. Teeter proffered an approved third-party custodian, letters for the community in support, and a combination of conditions for release. The magistrate judge denied her request for release.

Ms. Teeter now files this request for the setting of conditions of release.

1

## II. Legal Predicate

### Appropriate Detention Factors

Pretrial detention and release are governed by the Bail Reform Act (BRA), 18 U.S.C. § 3142, *et seq*. The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. § 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). Where, as here, a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (*per curiam*).

The Court's determination is governed by four factors:

1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

2) The weight of the evidence against the person;

3) The history and characteristics of the person, including –

    A. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    B. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4)  When considering whether there are any conditions of pretrial release "that will reasonably assure" a particular defendant's appearance in court, and the safety of the community, 18 U.S.C. § 3142(f), Congress carefully prescribed these four factors that a court must consider. *Id.* § 3142(g).

## III. ARGUMENT

### A. Nature and Circumstances of the Offense.

The first statutory factor requires the Court to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). Ms. Teeter in one of four defendants charged in the indictment. The BRA, of course, requires a reviewing court to "assess the specific conduct of each defendant." *United States Chrestman*, No. 21-mj-218 (ZMF), 2021 WL 765662, at *7 (D.D.C. Feb. 26, 2021). The reviewing court should evaluate the nature and circumstances of Ms. Teeter's specific conduct, then consider the different factors that warrant potential pretrial detention for her participation. *Id.*

This case involves seven armed robberies of a Walgreens located in the Chinatown section of Washington, District of Columbia. Ms. Teeter was an employee of the store when the robberies occurred. She was present for two of the seven robberies. In each robbery, a masked individual carrying a firearm entered the store and forced employees into a back room where cash was stored. The cashed was taken without any injuries to anyone.

### B. Weight of the Evidence.

In the instant case, the facts supporting the allegations against Ms. Teeter are limited. Although, as an employee of the Walgreens, she was present at two of the seven alleged robberies there is no evidence that she carried, possessed, or brandished any firearms during the commission of the crimes. In the two robberies she was present the government's evidence, in a light most

3

favorable, establishes by way of text messages that she *may* have provided information to her then boyfriend concerning store operations. He, who is a charged co-defendant, appears to have relayed this information to another charged co-defendant. None of the text messages prior to the two robberies in which Ms. Teeter was present indicate her knowledge of any plan to rob.

The government likewise places importance on the fact that her residence was used as a staging ground for one or more of the robberies. Much like the text messages reference above, this is a fact that should be given little weight. As the government notes in her detention memorandum, Ms. Teeter shared this apartment with a co-defendant. There is no evidence that she was even aware that the apartment was being used for such a nefarious purpose. There is no evidence that she was present during any such gatherings, or that she participated in any manner.

A summary of the evidence against Ms. Teeter includes text messages and the fact that her co-defendant may have used their apartment as a staging area for one or more of the robberies. Neither alone nor collectively does such evidence demonstrate a strong case against Ms. Teeter. While she may have unwittingly shared information about the operations of the Walgreens to her then boyfriend that alone does not demonstrate her knowingly joining a conspiracy.

### C. History and Characteristics of the Defendant.

Ms. Teeter's history and characteristics weigh in favor of release. Ms. Teeter has resided in the District of Columbia for the past two years. She relocated from the Tennessee to this area. She is 20 years old and five months pregnant. She lacks any criminal history. This Honorable Court has determined she is indigent and appointed undersigned counsel to represent her.

4

Due to her lack of criminal history, there is no evidence of failures to comply with court orders.  Exclusive of the allegations in this matter, there is no history of violence or firearms possession.

### D. Danger to Community.

During this court's consideration of motions for pretrial release or detention, the goal is to ensure that the pretrial release of a defendant will not imperil "the safety of any other person and the community." § 3142(g)(1). Although the government may repeat her previous contention that the mere allegation of involvement with events detailed in her detention memorandum is concerning enough to support detention such a position would result in any defendant charged with the same automatically being detained. Of course, the Bail Reform Act requires much more. It requires a particularized finding that Ms. Teeter represents a danger that cannot be abated by any conditions of release. The government simply cannot demonstrate such.

Again, Ms. Teeter does not have a criminal history.  She is not accused of committing any acts of violence during the commission of these alleged offenses.  There is no evidence that she has a history of violence.  Upon information and belief, all her charged co-defendants have been detained.  There is no fact present that would suggests she is a continued danger to the community.

### III.   Proposed Conditions

Ms. Teeter proposes the following conditions of release to reasonable ensure the safety of the community and address any flight risk.

**Third-Party Custodian**

Ms. Teeter proffers Miah Robinson as a third-party custodian.  Ms. Robinson has been determined by pretrial services to be a suitable third-party candidate.

5

**Residence**

Ms. Teeter submits she be released on the condition that she reside at Ms. Miah Robinson's address and be placed in her custody. The residence is a single-family unit in the Clinton, Maryland. Ms. Robinson does not have criminal history.

**Electronic Monitoring.**

Electronic monitoring can be used to assist in assuring Ms. Teeter's compliance with her conditions of release. It can be utilized to minimize the risk of flight or danger to the community. Electronic monitoring can help assure her compliance.

**Substance Abuse Testing.**

While there is no evidence that Ms. Teeter has a substance abuse problem, a condition requiring her to submit to testing would be welcomed. Substance abuse testing and counseling, if needed, would assists in assuring that Ms. Teeter complies with the law while on release.

**Non-contact with Any Witness or Co-Defendant**.

To address any concerns that Ms. Teeter may make efforts to intimidate witnesses or engage in other acts of obstruction the Court should include a condition that she have no contact with any witness or any of his co-defendants while on release.

### IV.   Conclusion

For the reasons stated herein and those that may become evidence at any hearing, Ms. Teeter respectfully requests that this Honorable Court enter an order setting conditions of release.

I ASK FOR THIS:

By counsel

_____
Robert L. Jenkins, Jr., Esq.

6

Bynum & Jenkins Law
U.S. District Court Bar No.: CO0003
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for LONDON TEETER

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this March 5, 2024.

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.: CO0003
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for LONDON TEETER